**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**BILLY BRASWELL**                                                      **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:17-cv-201-KS-MTP**

**VINSON GUARD SERVICE**                                          **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Compel and for Sanctions [39], Motion for Extensions [43], and Motion to Take Deposition Out of Time [44].

***Motion to Compel and for Sanctions [39]***

On August 17, 2018, Defendant served interrogatories and requests for production of documents on Plaintiff. *See* Notices [31] [32]. On September 24, 2018, Plaintiff provided interrogatory responses, but Plaintiff did not provide responses to the requests for production of documents. On October 9, 2018, the Court conducted a conference with the parties regarding disputed discovery disclosures, requests, and responses, pursuant to Federal Rule of Civil Procedure 16(b)(3)(v) and the Case Management Order [30], ¶ 7. The next day, the Court entered an Order directing Plaintiff to serve supplemental discovery responses by October 17, 2018. *See* October 10, 2018, Text Only Order.

On October 24, 2018, Defendant filed a Motion to Compel [35], asserting that Plaintiff failed to supplement his initial disclosures, provided insufficient supplemental responses to certain interrogatories, and failed to provide any responses to the requests for production of documents. After Plaintiff failed to respond to the Motion to Compel [35], the Court granted the Motion [35] and directed Plaintiff to (1) supplement his initial disclosures by providing a specific computation of his alleged damages; (2) supplement his responses to Interrogatories 4, 8, and 12

1

by providing full and complete responses; and (3) respond to Plaintiff's requests for production of documents without objection. *See* Order [38].

The Court also directed Plaintiff to file a response by November 21, 2018, setting forth the reasons or circumstances, if any, which would make his actions in discovery substantially justified or which would otherwise make an award of fees and expenses unjust. *Id.* Plaintiff did not file a response as ordered by the Court.

On December 18, 2018, Defendant filed the instant Motion to Compel [39], asserting that Plaintiff failed to respond to the requests for production. Defendant requests that the Court compel Plaintiff to respond to the requests for production and impose sanctions, up to and including dismissal.

This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court."). Federal Rule of Civil Procedure 37(b) allows for sanctions when a party fails to obey a discovery order. The sanction may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, rendering default judgment, or finding the party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A). In lieu of, or in addition to the aforementioned sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc v. Piper*, 447 U.S. 752, 763-64 (1980).

Plaintiff failed to comply with the Court's Order [38], directing him to file a pleading explaining why his action in discovery were justified. Plaintiff also failed to respond to Defendant's requests for production of documents as ordered by the Court.

Plaintiff, however, filed a Response [41] to the latest Motion to Compel [39], stating that "as for [the] production of documents, Plaintiff does not have any." Thus, it appears that Plaintiff has now responded to the requests for production of documents. Plaintiff provided this response only after Defendant was forced to expend unnecessary effort and incur unnecessary expense.

In his Response [41], Plaintiff admits that he cannot present any good cause for his actions.[1] Accordingly, the Court finds no substantial justification for Plaintiff's failure to obey the Court's Order [38] or timely respond to Defendant's discovery requests. Defendant requests that the Court dismiss Plaintiff's case, but the Court finds that such a sanction would be excessively harsh given the circumstances. Instead, the Court finds that a lesser sanction should be imposed.

Mindful that Plaintiff is proceeding *pro se* and *in forma pauperis*, the Court finds that Plaintiff should be sanctioned $100.00 for failing to comply with the Court's Order and failing to

---

[1] Plaintiff specifically states, "I have been late with my filings. I have no good cause."

cooperate in discovery.[2]  The Court will not impose additional sanctions at this time.  However, if Plaintiff continues to ignore the orders of this Court or fails to cooperate in discovery, the Court will revisit the issue of additional sanctions.

***Motion for Extensions [43] and Motion to Take Deposition Out of Time [44]***

The discovery deadline in this action ran on January 15, 2019, and the motions deadline is January 29, 2019.  On January 9, 2019, Defendant filed a Motion for Extensions [43], seeking thirty-day extensions of these deadlines.  Defendant argues that Plaintiff's actions in discovery, which the Court previously discussed, have made these extensions necessary.

Having considered the Motion [43] and the record, the Court finds good cause to grant the Motion [43] and extend the case deadlines.  Extending these deadlines will require a continuance of the trial date as well.  For good cause shown, the Court finds that the pretrial conference and trial should be reset.

Defendant also filed a Motion to Take Deposition Out of Time [44], requesting that it be allowed to take Plaintiff's deposition on January 25, 2019, which is outside the current discovery deadline.  Because the Court finds that Defendant's Motion for Extensions [43] should be granted and that the discovery deadline should be extended to February 14, 2019, Defendant's Motion [44] will be denied as moot.  A deposition on January 25, 2019, would be timely.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Compel and for Sanctions [39] is GRANTED in part and DENIED in part.

2. Plaintiff shall pay to Defendant, through counsel, the sum of $100.00 in sanctions on or before February 18, 2019.

---

[2] The Court reviewed Plaintiff's Motion for Leave to Proceed *in forma pauperis* [4] and finds that Plaintiff should be able to pay the sanction ordered herein without undue hardship. Moreover, Plaintiff's IFP status does not entitle him to ignore Court orders and wrongfully increase Defendant's litigation costs without consequence.

3. Any other relief sought in the Motion [39] is denied.

4. Defendant's Motion for Extensions [43] is GRANTED.

5. The discovery deadline is extended to February 14, 2019.

6. The deadline for motions (other than motions *in limine* or discovery motions) is extended to February 28, 2019.

7. The pretrial conference is reset for July 18, 2019, before District Judge Keith Starrett.

8. The jury trial is reset for a two-week term beginning August 5, 2019, before District Judge Keith Starrett.

9. Any conflict with the trial date must be submitted in writing to the District Judge on or before January 25, 2019.

10. All other provisions and deadlines contained in the Case Management Order [30] remain in place.

11. Defendant's Motion to Take Deposition Out of Time [44] is DENIED as moot.

SO ORDERED this the 18th day of January, 2019.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE