# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

BILL BRASWELL                                                         PLAINTIFF

v.                                                      CIVIL ACTION NO. 2:17-cv-201-KS-MTP

VINSON GUARD SERVICE                                     DEFENDANT

## ORDER

THIS MATTER is before the Court on Defendant's Motion for Sanctions [48]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [48] should be GRANTED in part and DENIED in part.

On October 24, 2018, Defendant filed a Motion to Compel [35], asserting that Plaintiff failed to properly produce initial disclosures and respond to discovery requests. After Plaintiff failed to respond to the Motion to Compel [35], the Court granted the Motion and directed Plaintiff to supplement his initial disclosures, supplement his interrogatory responses, and respond to Defendant's requests for production of documents. *See* Order [38]. The Court also directed Plaintiff to file a response setting forth the reasons or circumstances, if any, which would make his actions in discovery substantially justified or which would otherwise make an award of fees and expenses unjust. *Id.* Plaintiff did not file a response as ordered by the Court.

On December 18, 2018, Defendant filed a Motion to Compel and for Sanctions [39], asserting that Plaintiff failed to respond to the requests for production. Defendant requested that the Court compel Plaintiff to respond to the requests for production and impose sanctions, up to and including dismissal.

Defendant also filed a Motion for Extensions [43] and a Motion to Take Deposition Out of Time [44]. In these Motions [43] [44], Defendant requested extensions of the discovery and

1

motions deadline and sought leave to take Plaintiff's deposition on January 25, 2019, which was outside the discovery deadline at that time. Defendant argued that Plaintiff's actions in discovery made these requests necessary.

On January 18, 2019, the Court granted in part Plaintiff's Motion to Compel and for Sanctions [39]. *See* Order [47]. The Court sanctioned Plaintiff $100.00 for his failure to comply with the Court's Order [39] and for his failure to cooperate in discovery. The Court ordered Plaintiff to make the payment to Defendant on or before February 18, 2019.

Additionally, the Court granted Defendant's Motion for Extensions [43] and reset the case deadlines. Because the Court reset the case deadlines, the Court denied as moot the Motion to Take Deposition Out of Time [44]. The Court noted that, under the new case deadlines, "[a] deposition on January 25, 2019, would be timely." *See* Order [47].

On January 28, 2019, Defendant filed the instant Motion for Sanctions [48], asserting that Plaintiff failed to attend his deposition. According to Defendant, Plaintiff called defense counsel after receiving the Notion of Deposition [46][1] and stated that he would appear for the deposition. However, Plaintiff did not attend the deposition set for January 25, 2019. Defendant requests that the Court dismiss Plaintiff's case as a sanction. Defendant also requests that it be awarded costs and expenses that it incurred in preparing for Plaintiff's deposition and reserving a court reporter.[2]

This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court."). Federal

---

[1] The Notice of Deposition [46] was filed on January 17, 2019.

[2] Although it was not due until February 18, 2019, Defendant also noted that Plaintiff had not yet paid the $100.00 sanction.

Rule of Civil Procedure 37(d) allows for sanctions when a party fails to appear for a properly noticed deposition. The sanctions may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, or rendering default judgment. Fed. R. Civ. P. 37(d)(3). In lieu or, or in addition to the aforementioned sanctions, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc v. Piper*, 447 U.S. 752, 763-64 (1980).

In his Response [49], Plaintiff asserts that he misunderstood the Court's prior Order [47] and believed that he did not have to attend the deposition because the Court denied Defendant's Motion to Take Deposition Out of Time [44]. As previously explained, the Court denied the Motion [44] *as moot* because the case deadlines had been reset and a deposition on January 25, 2019, would has been timely. *See* Order [47]. The Order [47] was sufficiently clear. However, Plaintiff asserts that he did not have a particular medication for a period of time and that he "sometimes get[s] confused and easily misunderstands what [he is] reading." Additionally, Plaintiff appeared for his deposition subsequent to the filing of the instant Motion [48].

3

Thus, it appears that Plaintiff may have not acted in bad faith when he failed to appear at his deposition on January 25, 2019. However, "[a] failure to provide discovery need not be willful in order to trigger Rule 37(d) sanctions" *Coane v. Farrara Pan Candy Co.*, 898 F.2d 1030, 1032 (5th Cir. 1990). As previously mentioned, Defendants request that the Court dismiss Plaintiff's case as a sanction and award it the costs and expenses incurred in preparing for Plaintiff's deposition and reserving a court reporter.

The Court finds that dismissal of this action is not warranted under the circumstances presented. The Court also finds that an award of attorneys' fees is not warranted. As Defendant eventually deposed Plaintiff, Defendant realized the benefit of the costs associated with preparing for the deposition. However, Defendant should not have to bear the cost of reserving a court reporter for January 25, 2019. *See Lovison v. Gleason*, 2015 WL 3934933, at * 8 (N.D. Tex. Jun. 26, 2015) ("Even accepting Plaintiffs' contention that this was an innocent mistake resulting from some miscommunication, [Plaintiffs'] failures to appear for their properly-noticed depositions had real economic consequences for Defendants, and the Court finds that . . . it would be unjust for Defendants or their counsel to bear the expenses caused by Plaintiffs' failure to appear . . . as noticed.").

In his Response [49], Plaintiff also states the he may not be able to pay the $100.00 sanction previously imposed by the Court by February 18, 2019, but hoped to pay it by the end of February. The Court considers this as a request for additional time to comply with the Court's Order [47] and will grant Plaintiff until March 8, 2019, to comply with the Order [47].

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion for Sanctions [48] is GRANTED in part and DENIED in part.

2. On or before March 12, 2019, Defendant's counsel shall file an affidavit and itemization of expenses incurred as a result of reserving a court report for the deposition of Plaintiff noticed for January 25, 2019.

3. On or before March 19, 2019, Plaintiff shall file his response, if any, to the itemization of expenses.

4. Thereafter, the Court shall award the monetary sanction by separate order.

5. Any other relief sought in the Motion for Sanctions [48] is denied.

6. The deadline for Plaintiff to pay to Defendant the sum of $100.00 in sanctions is extended to March 8, 2019.

SO ORDERED this the 26th day of February, 2019.

                                      s/Michael T. Parker
                                      UNITED STATES MAGISTRATE JUDGE